NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-104-HRW

ROGER SCOTT                                                                       PLAINTIFF

VS:                 **MEMORANDUM OPINION AND ORDER**

KENTUCKY DEPT. OF CORRECTIONS, et al.                        DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*

Roger Scott, an individual serving a state sentence in the Kentucky State Reformatory ("KSR"), in LaGrange, Kentucky, has submitted a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, and a Motion to Proceed *in forma pauperis*, which is granted by separate Order.

The Complaint is now before the Court for screening. 28 U.S.C. § 1915A(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). In the Court's screening, as with all pleadings submitted by *pro se* litigants, the pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations of the *pro se* litigant are taken as true and liberally construed. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, there are times when dismissal of a case mandated, even for a *pro se* plaintiff. *See, e.g.,* 28 U.S.C. § 1915A(b); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989).

**CLAIMS**

Plaintiff claims that while he was incarcerated in another state institution, the Eastern Kentucky Correctional Complex ("EKCC"), the named Defendants were deliberately indifferent to

his serious seizure disorder in violation of the Eighth Amendment to the U.S. Constitution.

## DEFENDANTS

As the Defendants, Plaintiff names the Kentucky Department of Corrections ("KDOC") and the following individuals in both their official and individual capacities: KDOC Commissioner LaDonna Thompson; EKCC Warden, John Motley; and Scott's EKCC doctor, Dr. Ron Everson.

## RELIEF REQUESTED

The Plaintiff seeks damages, including punitive damages.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the allegations presented in Plaintiff's Complaint.

Plaintiff alleges that in June of 2006, when he came through the KDOC intake process prior to being placed in a state prison, his seizure disorder was evaluated and acknowledged. He attaches a copy of the resulting report about his health. It chronicles that he had 2 seizures during the two weeks that he was there, and it also shows "Final Diagnosis: 1. Seizure Disorder, controlled on discharge. . . . " and "Discharge Instructions: Regular diet, Lower Bunk, No climbing, no work on ladders, scaffolding, roofs, etc.." and "Follow Up: Seizure Disorder Chronic Care Clinic," as well as a description of his medications, including one for controlling seizures.

Time passed and Plaintiff was placed in the EKCC in October of 2006. His allegations continue as follows:

> . . . Plaintiff informed personnel there of his medical condition and restrictions concerning housing. In blatant and direct disregard to the medical recommendation, Plaintiff was repeatedly housed in the upper most housing unit requiring the frequent ascending and descending of multiple flights of stairs. He suffered multiple seizures while in his housing unit as well as while ascending/descending the stairs and incurred injuries as result of blacking out and falling . . . .

Record No. 1 at 4. Scott further alleges that he filed complaints requesting "medical intervention to accommodate both his medical condition and previous medical recommendation," but they were denied on the ground that no seizure had been witnessed.

Plaintiff Scott attaches a copy of one institutional grievance form which he completed about this matter and submitted on February 16, 2008. In it, he describes two seizures purportedly suffered earlier that month while on the steps and his injuries from falling down them. He also complains therein that when he saw Defendant Dr. Everson about the injuries, he received no x-ray or pain medication. The form contains the institution's response to his greivance: "Mr. Scott has a long history of these alleged 'seizures'!. However, seizure activity has never been witnessed. See attached notes." Attached is Dr. Everson's response to Plaintiff's request for a transfer and a bottom floor assignment: "I see no reason to grant either request."

Scott does not state how long he remained at the EKCC thereafter. The record shows that on the day of filing the complaint herein, May 30, 2008, Plaintiff was no longer at the EKCC but was at the Kentucky State Reformatory, his current location. Although his complaint was originally filed in the United States District Court for the Western District of Kentucky, on August 18, 2008, the case was transferred to his Court for proper venue.

## DISCUSSION

Plaintiff alleges that three persons and a state agency have violated the Constitutional prohibition against subjecting prisoners to cruel and unusual punishment and he seeks to recover from all of the named Defendants. However, not all of them are amenable to suit.

The Eleventh Amendment to the U.S. Constitution provides as follows:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by

Citizens of another State, or by Citizens or subjects of any Foreign State.

U.S. Const. Amend. XI. The Supreme Court has held that the Eleventh Amendment clearly prohibits federal courts from entertaining suits by private parties against the states. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *see also Edelman v. Jordan*, 415 U.S. 651 (1974).

What is important in this case is that the Eleventh Amendment also prohibits actions against state agencies under Section 1983. *Quern v. Jordan*, 440 U.S. 332, 339-42 (1979); *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990). In *Hutsell v. Sayre*, 5 F.3d 996 (6th Cir. 1993), *cert. denied*, 114 S. Ct. 1071 (1994), the appellate court in this circuit explained State immunity for damages and found "the most important factor" to be "whether any monetary judgment would be paid out of the state treasury." *Id*. at 999.

Therefore to the extent that any action might result in a judgment against an agency which would be satisfied out of the treasury of the Commonwealth of Kentucky, that State agency qualifies for Eleventh Amendment immunity. *Hess v. Port Authority Trans-Hudson Corp.*, 513 U.S. 30 (1994). It is well settled, "In the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).

The Kentucky Department of Corrections is an agency of the Commonwealth of Kentucky, and the Supreme Court has determined that neither a state nor its agencies are "persons" susceptible to being sued under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Thus, the KDOC does not constitute a "person" for the purposes of 42 U.S.C. § 1983. *See Santiago v. New York State Department of Correctional Services*, 725 F. Supp. 780, 783-84 (S.D. N.Y. 1989) (*reversed in part*, 945 F.2d 25 (2nd Cir. 1991)). The KDOC is, therefore, entitled to dismissal from

4

this case.

For the same reasons, *i.e.*, to protect States' coffers, the Eleventh Amendment has also been interpreted to extend immunity to State employees sued for damages in their official capacities. To the extent that Defendants Thompson, Motley and Everson are sued in their official capacities for damages, such actions are barred by the Eleventh Amendment, and dismissal is appropriate upon screening. 28 U.S.C. § 1915A(b); *Lawson v. Bouck, et al.*, 747 F. Supp. 376, 379 (W.D. Mich. 1990) (relying upon *Cowan v. University of Louisville School of Medicine*, 900 F.2d at 936 and *Rice v. Ohio Dept. of Transportation*, 887 F.2d 716 (6th Cir. 1989), *vacated on other grounds*, 497 U.S. 1001 (1990)).

However, neither the Eleventh Amendment nor *Pennhurst* precludes actions against state officials sued in their individual capacities. *See Pena v. Gardner*, 976 F.2d 469, 473-74 (9th Cir. 1992) (per curiam); *Wilson v. UT Health Ctr.*, 973 F.2d 1263, 1271 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1644 (1993); *Stephens v. American Home Assurance Co.*, 811 F. Supp. 937, 961-62 (S.D.N.Y. 1993)). Therefore, immunity does not shield the three individually named Defendants.

There is another tenet of Section 1983 law which applies to two of these three Defendants, however. Plaintiff has not alleged any independent wrongdoing by these Defendants. Rather, the claims against them appear to rise purely from the fact that they employed or failed overrule Defendant Everson. The doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

The law is that Section 1983 "liability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir.1982). To establish supervisory liability in a Section 1983 action, "[t]here must be a showing

that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a Section 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984) (citing *Hays*, 668 F.2d at 872-74).

"[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir.2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir.1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'" and cannot be based upon merely denying a grievance. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999).

In the case *sub judice*, Plaintiff has failed to allege any facts showing that either Defendant Thompson or Motley was personally involved in any complained-of action or had any part in Scott's medical care or encouraged any specific incidents or implicitly authorized, approved or knowingly acquiesced to any unconstitutional conduct. Therefore, Commissioner Thompson and Warden Motley are entitled to dismissal from this lawsuit.

There is one more pending matter herein. In the interim between the filing of the instant action in the Western District of Kentucky and its subsequent transfer to this Court, Plaintiff submitted a Motion to Amend to add defendants and claims arising since his arrival at his current location. He specifically alleges that while he was walking up the stairs to his room at the KSR on June 20, 2008, he suffered a seizure and woke up in a hospital. He seeks to sue KSR/KDOC personnel and consolidate the new claims into the case "filed against EKCC officials for negligent medical practices."

6

Plaintiff's motion will not be granted for several reasons. First, it is unsigned. *See* Fed.R.Civ.P. 11(a). It also contains no certificate of service. *See* Fed.R.Civ.P. 5(a). Further, consolidation is inappropriate, as Scott's allegations do not contain common questions of law or fact, but concern different persons, events, and times; Plaintiff does not mention deliberate indifference, the only claim asserted in this action, but mysteriously refers to "negligent medical practices." *See* Fed.R.Civ.P. 42. Any consolidation would leave more questions than answers in pursuing this case. Finally, from the date of the sole alleged event in his Motion, it is obvious that Plaintiff had not had sufficient time to complain about the incident administratively, a prerequisite to suit.

Therefore, the Court will deny the instant motion, without prejudice to Plaintiff's bringing another such motion if he desires, with service of a copy of any future motion to be certified on counsel who appears to represent the Defendant herein.

Accordingly, **IT IS ORDERED** as follows:

(1)     The following are **DISMISSED**, *sua sponte*, without prejudice:  (a) the Kentucky Department of Corrections; (b) damage claims against all of the Defendants in their official capacities; and (c) Defendants LaDonna Thompson and John Motley individually.

(2)     The Clerk of the Court is directed to forward by certified mail, return receipt requested, one copy of the Complaint and one copy of this Memorandum Opinion and Order to the Office of General Counsel for the Kentucky Department of Corrections, Frankfort, Kentucky. General Counsel shall have ten (10) days from the date of entry of this order to complete and file a notice of waiver of service against any or all of the named Defendants.

If a waiver is not filed within said ten (10) days, the Clerk shall notify the Pro Se Office to prepare for service on Defendant, Dr. Ron Everson individually.

(3) The Answer to the Complaint shall be filed no later than 60 days after the notice of waiver of service is filed. However, if service on the individual Defendant is required, the Answer shall be filed no later than 20 days after service of summons.

(4) The Plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in dismissal of this case.

(5) For every further pleading or other document he wishes to submit for consideration by the Court, the Plaintiff shall serve upon each Defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each Defendant or counsel. ***The Court will disregard any notice or motion which does not include this certification.***

(6) The Plaintiff must communicate with the Court *solely* through notices or motions filed with the Clerk's Office. ***The Court will disregard correspondence sent directly to the Judge's chambers.***

(7) Plaintiff's Motion to Amend the Complaint in order to add claims and Defendants [Record No. 4] is **DENIED**, without prejudice.

This August 29, 2008.



Signed By:
Henry R Wilhoit Jr.
United States District Judge