UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 08-104-HRW

ROGER SCOTT,                                                                                 PLAINTIFF,

v.             **MEMORANDUM OPINION AND ORDER**

RON EVERSON, M.D.,                                              DEFENDANT.

      This matter is before the Court upon the Defendant's Motion for Summary Judgment [Docket No. 23]. For the reasons set forth below, the Court finds that the Defendant is entitled to judgment as a matter of law.

      This matter arises from medical treatment received by Plaintiff between February 4, 2008 and February 16, 2008 when he was housed at the Eastern Kentucky Correctional Complex ("EKCC"). Plaintiff alleges that he was housed in a "dangerous" manner "in flagrant disregard" to medical recommendation pertaining to his seizure disorder [Docket No. 1]. Specifically, Plaintiff asserts that his housing assignment at EKCC required frequent ascending and descending of multiple flights, which caused him to suffer seizures and other injuries, such s blacking out and falling [Docket No. 1]. Plaintiff further claims that he was evaluated by medical staff at the prison but that his complaints were not "favorable considered" [Docket No. 1].

On May 30, 2008, Plaintiff filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 against the Kentucky Department of Corrections ("KDOC"), LaDonna Thompson, Commissioner of KDOC, John Motley, Warden at EKCC and Plaintiff's physician at EKCC, Ron Everson, M.D.[1] In his Complaint, Plaintiff claims that the Defendants were deliberately indifferent to his seizure disorder in violation of the Eight Amendment to the U.S. Constitution.

Defendant Everson now seeks summary judgment on all claims asserted herein. He argues that Plaintiff cannot establish the essential element of his case, despite having had adequate time for discovery. Therefore, Defendant argues that there is no genuine issue of material fact as the failure to prove an essential fact renders all other facts irrelevant. *See, Celotex v. Cartett*, 477 U.S. 317(1986).

In order to state a cognizable Eight Amendment claim concerning medical care, an inmate must allege acts sufficiently harmful to establish deliberate indifference. *See, Estelle v. Gamble*, 429 U.S. 97 (1976). "Deliberate indifference" contains both a subjective as well as an objective component. *Caldwell v. Moore*, 968 F.2d 585, 602 (6th Cir. 1992). A court must ask if the Defendant acted with a sufficient culpable state of mind and if the offending

---

[1] The claims against the KDOC, Thompson and Motley were dismissed, *sua sponte*, by the Court, leaving Plaintiff's claims against Defendant Everson [Docket No. 10].

2

conduct was wanton in nature. *Id.* Plaintiff's claim fails on both counts.

Prior to filing his dispositive motion, on October 28, 2008, Defendant's counsel served upon Plaintiff Requests for Admissions pertaining to the essential elements of Plaintiff's claims [Docket No. 23-14]. The requests included the following:

> Request for Admission No. 1: Admit that no physician or other medical provider has told you that the care provided by Ron Everson, M.D. fell below the applicable standard of care.
>
> Request for Admission No. 5: Admit that you simply have a difference of opinion with Ron Everson, M.D. as to the course of treatment he chose to provide for you.
>
> Request for Admission 6: Admit that the medical providers at EKCC always responded to your medical complaints but simply not in the manner you desired.

[Docket No. 23-14].

Plaintiff did not respond to the Requests for Admission. In accordance with Rule 36 of the Federal Rules of Civil Procedure, the foregoing facts were, thus, deemed admitted. In other words, Plaintiff admitted that Defendant was always directly responsive to Plaintiff's complaints and always provided him with medical treatment. Plaintiff also admitted that he simply disagreed with Dr. Everson's course of treatment.

His failure to respond to discovery establishes that this is not a case of deliberate indifference but, rather, a case of a difference of opinion, which is not a cognizable Constitutional claim.

Nor Plaintiff did not respond to Defendant's dispositive motion. By Order entered on May 13, 2009, the undersigned ordered Plaintiff to show cause why Defendant's motion should not be sustained for failure of Plaintiff to respond to the same [Docket No. 24].

The copy of this Order which was sent to Plaintiff at the address on record was returned as "undeliverable." At the time of his filing, Plaintiff was housed at the Kentucky State Reformatory in LaGrange, Kentucky. The record contains no notification of a change of address.

The Court assumed that Plaintiff had either been moved to another facility or had been released from custody. The Court made inquiry in this regard and learned that Plaintiff had, in fact, been released from custody as of September 10, 2008. In the intervening months, however, Plaintiff failed to advise the Court of his whereabouts, thereby leaving the Court to conclude that he longer wishes to pursue this matter.

Thus, summary judgment is warranted not only on the merits, but in light of Plaintiff's failure to prosecute his claims.

4

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 23] be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 4 day of June, 2009.

Henry R. Wilhoit, Jr., Senior Judge